**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Julie Monica Palacios<br><br>  Debtor. | Case No. 25-18115 MER<br><br>Chapter 7 |
| Julie Monica Palacios<br><br>  Plaintiff,<br><br>v.<br><br>KeyBank National Association<br><br>  Defendant. | Adversary No. 26-01134 MER |

**ORDER GRANTING MOTION TO ALLOW LATE FILED ANSWER**

THIS MATTER comes before the Court on the Motion for Leave to File Answer to Plaintiff's Complaint ("**Motion**") filed by Defendant KeyBank National Association ("**KeyBank**") and the Plaintiff/Debtor Julie Monica Palacios' ("**Palacios**") objection thereto.[1]

Palacios commenced the instant adversary proceeding on May 22, 2026. KeyBank's answer to the complaint was due on or before June 22, 2026.[2]  KeyBank failed to file an answer by the June 22nd deadline.  KeyBank filed the instant Motion, along with its answer, on July 10, 2026, asserting that its failure to file an answer by June 22nd is due to a clerical error.  Palacios objected to the Motion arguing, among other things, that KeyBank failed to establish that its failure to timely file the answer was the result of excusable neglect.

Pursuant to Fed. R. Bankr. P. 9006(b), the court may, at any time and for cause, extend a deadline after it has passed if the failure to act within the relevant time period resulted from excusable neglect.  "Excusable neglect" may extend to inadvertent delays.[3]  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions

---

[1] ECF Nos. 5 & 6.

[2] ECF No. 3; Fed. R. Bankr. P. 7012(a)(1).

[3] *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. Partnership*, 507 U.S. 380, 392 (1993).

caused by circumstances beyond the control of the movant."[4]  "Because Congress has not provided other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[5]  When deciding whether to allow a late filed pleading, courts generally consider the following factors: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[6]  None of these factors are dispositive.[7]

Here, the Court concludes a majority of the factors weigh in favor of allowing the late-filed answer.  Neither Palacios, nor this proceeding, will be prejudiced because the answer was filed shortly after the deadline to do so, and Palacios had not yet moved for nor obtained a clerk's default against KeyBank.  There is no evidence to suggest KeyBank has not acted in good faith.  Further, while it is unclear whether the failure to timely file the answer was within KeyBank's control, the Court nevertheless concludes it is preferable to determine this proceeding on its merits rather than through a motion for default judgment.[8]  Therefore, the Court

ORDERS the Motion is GRANTED.  The answer filed by KeyBank on July 10, 2026, is accepted.  The Court

FURTHER ORDERS a separate order regarding the parties' Fed. R. Civ. P. 26 (incorporated by Fed. R. Bankr. P. 7026) report and other related deadlines will enter.

Dated July 31, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[4] *Id.*

[5] *Id.* at 395.

[6] *Id.*

[7] *In re Deter*, 2025 WL 3141853, at *2 (10th Cir. BAP Nov. 10, 2025).

[8] *Lee v. Max Intern, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("Of course, our legal system strongly prefers to decide cases on their merits."); *Wyssling v. Swensen*, 2024 WL 4681817, at *1 (D. Utah Nov. 5, 2024) ("In addition, the Tenth Circuit has noted a preference to decide a case on its merits rather than mere technicalities.  Missing one deadline entered by the court while problematic, is not a proper basis for a default judgment because entering such a sanction after missing one deadline, would be akin to deciding a case on a mere technicality.").